Steven G. Biddle; AZ Bar No. 012636
Cory G. Walker; AZ Bar No. 027853
sbiddle@littler.com; cgwalker@littler.com
LITTLER MENDELSON, P.C.
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:   602.474.3600
Facsimile:    602.957.1801

Attorneys for Defendant
RITE OF PASSAGE, INC.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephanos Keele, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Rite of Passage, Inc.,<br><br>Defendant. | Case No. 2:14-cv-02135-PHX-DLR<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT** |

Defendant, Rite of Passage, Inc., by and through its undersigned counsel, hereby responds to the allegations contained in Plaintiff's Original Complaint ("Complaint"), as follows:

**SUMMARY**

1. In response to paragraph 1 of the Complaint, Defendant admits Plaintiff brought this case based on an alleged violation of the Fair Labor Standards Act ("FLSA"), but denies it violated the FLSA. Defendant admits Plaintiff is seeking alleged unpaid overtime compensation, but denies it violated the FLSA or owes Plaintiff anything. Insofar as there are any additional allegations in Paragraph 1 that require a response, Defendant denies them.

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

## JURISDICTION AND VENUE

2. In response to paragraph 2 of the Complaint, Defendant admits the Court has jurisdiction in this matter.

3. In response to paragraph 3 of the Complaint, Defendant admits it operates a facility in Maricopa County, State of Arizona, but denies all remaining allegations.

4. In response to paragraph 4 of the Complaint, Defendant admits venue is proper with the Court in this matter. Insofar as there are additional allegations in this paragraph that require a response, Defendant denies them.

## PARTIES

5. In response to paragraph 5 of the Complaint, Defendant admits that Plaintiff is an employee of Defendant. With regard to the remaining allegations in Paragraph 5, Defendant is without sufficient knowledge to respond to the allegations, therefore, denies them.

6. In response to paragraph 6 of the Complaint, Defendant admits it is a Nevada corporation headquartered at the address set forth in Paragraph 6.

7. In response to paragraph 7 of the Complaint, Defendant admits it owns and operates a facility doing business as "Canyon State Academy" ("CSA") located at the address set forth in the Complaint.

8. In response to paragraph 8 of the Complaint, Defendant admits the allegations set forth therein.

## FACTUAL BACKGROUND

9. In response to paragraph 9 of the Complaint, Defendant admits the allegations set forth therein.

10. In response to paragraph 10 of the Complaint, Defendant admits the allegations set forth therein.

11. In response to paragraph 11 of the Complaint, Defendant admits the allegations set forth therein.

12. In response to paragraph 12 of the Complaint, Defendant admits Plaintiff was

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

1 promoted to a Group Leader position in Fall 2011.

2     13.    In response to paragraph 13 of the Complaint, Defendant admits the allegations set forth therein.

4     14.    In response to paragraph 14 of the Complaint, Defendant denies the allegations set forth therein.

6     15.    In response to paragraph 15 of the Complaint, Defendant denies the allegations set forth therein.

8     16.    In response to paragraph 16 of the Complaint, Defendant admits that, when Plaintiff worked as an employee exempt from the overtime requirements of the Fair Labor Standards Act, he worked in excess of 40 hours in some weeks.  Defendant denies the remaining allegations in paragraph 16.

12     17.    In response to paragraph 17 of the Complaint, Defendant admits that Plaintiff's duties involved the care and supervision of students.  Defendant denies the remaining allegations in paragraph 17.

15     18.    In response to paragraph 18 of the Complaint, Defendant denies the allegations set forth therein.

17     19.    In response to paragraph 19 of the Complaint, Defendant denies the allegations set forth therein.

19     20.    In response to paragraph 20 of the Complaint, Defendant admits the allegations set forth therein.

21     21.    In response to paragraph 21 of the Complaint, Defendant denies the allegations set forth therein.

23     22.    In response to paragraph 22 of the Complaint, Defendant denies the allegations set forth therein.

25     23.    In response to paragraph 23 of the Complaint, Defendant denies the allegations set forth therein.

27     24.    In response to paragraph 24 of the Complaint, Defendant states that the allegations are vague and ambiguous.  Without waiving that objection, to Defendant's best

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

interpretation of the allegations in paragraph 24, Defendant admits that part of a Group Leader's responsibilities is managing those under his/her supervision along with the attendant duties to such management. Defendant also admits Group Leaders are required to be on duty for specified periods of time. Defendant denies the remaining allegations in paragraph 24.

25. In response to paragraph 25 of the Complaint, Defendant admits Group Leaders, like Plaintiff, are scheduled to work particular shifts and are expected to be at work for those shifts. Defendant denies the remaining allegations in paragraph 25.

26. In response to paragraph 26 of the Complaint, Defendant denies the allegations set forth therein.

27. In response to paragraph 27 of the Complaint, Defendant denies the allegations set forth therein.

28. In response to paragraph 28 of the Complaint, Defendant denies the allegations set forth therein, except that it affirmatively alleges Unit Managers are exempt employees.

29. In response to paragraph 29 of the Complaint, Defendant admits that the records relating to the employment of Group Leaders at CSA are maintained by Defendant as required by applicable law. Insofar as there are additional allegations in paragraph 29 that require a response, Defendant denies them.

30. In response to paragraph 30 of the Complaint, Defendant denies the allegations set forth therein.

31. In response to paragraph 31 of the Complaint, Defendant denies the allegations set forth therein.

32. In response to paragraph 32 of the Complaint, Defendant denies the allegations set forth therein.

33. In response to paragraph 33 of the Complaint, Defendant is without sufficient knowledge or belief as to the truth of the allegations set forth in this paragraph, therefore, Defendant denies the allegations.

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

## COUNT ONE

**(Violation of Fair Labor Standards Act)**

34. Defendant hereby incorporates all paragraphs of this Answer as if fully set forth herein.

35. In response to paragraph 35 of the Complaint, Defendant admits that Plaintiff was employed as a Group Leader. Defendant explicitly denies the existence of any group of individuals "similarly situated" with respect to the allegations set forth in Plaintiff's Complaint. Insofar as there are additional allegations in paragraph 35 that require a response, Defendant denies them.

36. In response to paragraph 36 of the Complaint, Defendant denies the allegations set forth therein.

37. In response to paragraph 37 of the Complaint, Defendant denies the allegations set forth therein.

38. In response to paragraph 38 of the Complaint, Defendant denies the allegations set forth therein.

39. In response to paragraph 39 of the Complaint, Defendant denies the allegations set forth therein.

40. In response to paragraph 40 of the Complaint, Defendant denies the allegations set forth therein.

41. In response to paragraph 41 of the Complaint, Defendant denies the allegations set forth therein.

42. In response to paragraph 42 of the Complaint, Defendant denies the allegations set forth therein.

43. In response to paragraph 43 of the Complaint, Defendant denies the allegations set forth therein.

44. In response to paragraph 44 of the Complaint, Defendant denies the allegations set forth therein.

45. In response to paragraph 45 of the Complaint, Defendant denies the allegations

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-5-

set forth therein.

Defendant hereby denies any and all allegations in the Complaint not specifically admitted herein.

## PRAYER FOR RELIEF

Plaintiff's Prayer for Relief (including paragraphs A-H) is not a factual allegation requiring a response under the Federal Rules of Civil Procedure. To the extent the Prayer for Relief, or any portion thereof, may be construed to require a response, Defendant denies each and every allegation set forth therein. Defendant further explicitly denies Plaintiff is entitled to any relief sought in the Complaint or otherwise.

## DEMAND FOR JURY TRIAL

Plaintiff's request for a jury trial is not a factual allegation requiring a response under the Federal Rules of Civil Procedure. To the extent the request for a jury trial, or any portion thereof, may be construed to require a response, Defendant denies each and every allegation set forth therein.

## AFFIRMATIVE AND OTHER DEFENSES

For its affirmative and other defenses, Defendant states as follows:

A.  As a separate and distinct defense, Defendant alleges that Plaintiff's Complaint and each purported claim for relief stated therein fails to state a claim upon which relief can be granted.

B.  As a separate and distinct defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, e.g., 29 U.S.C. § 255(a) (FLSA claims limited to two years from date complaint filed, unless violations are "willful").

C.  As a separate and distinct defense, Defendant alleges that if Plaintiff establishes that Defendant violated the FLSA (which Defendant affirmatively denies), Defendant's conduct was not willful, that is, Defendant did not know that its conduct violated the FLSA and did not show reckless disregard for whether its actions violated the FLSA, therefore, the applicable statute of limitations is two years. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988).

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

1    D.   As a separate and distinct defense, Plaintiff's claims are barred in whole or in part to the extent that the work he performed falls within exemptions, exclusions, exceptions, or credits provided for in Section 7 of the FLSA, 29 U.S.C. § 207.

E.   As a separate and distinct defense, Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because Defendant's actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.  Because Defendant's acts or failure to act were in good faith and they had reasonable grounds for believing that their acts or omissions did not violate the FLSA, Plaintiff is not entitled to liquidated damages.

F.   As a separate and distinct defense, Defendant alleges that it did not suffer or permit Plaintiff to perform the work for which he seeks compensation in this action.

G.   As a separate and distinct defense, Defendant alleges that Plaintiff has already been compensated fully for his work.

H.   As a separate and distinct defense, Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA, and Defendant asserts a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiff for liquidated damages.

I.   As a separate and distinct defense, there are no employees of Defendant who are similarly situated to Plaintiffs, as that term is defined and/or interpreted under the FLSA, 29 U.S.C. §216(b).

J.   As a separate and distinct defense, Plaintiff's claims are barred in whole or in part to the extent that the work he performed falls within exemptions provided for in Section 13(a) and/or (b) of the FLSA, 29 U.S.C. § 213(a) and/or (b).

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-7-


K. As a separate and distinct defense, Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to his principal activities.

L. As a separate and distinct defense, Plaintiff's claims are barred in whole or in part because the work performed was *de minimis* in nature.

M. As a separate and distinct defense, Defendant alleges that Plaintiff has not and cannot meet the requirements for certifying this action as a collective or class action.

N. As a separate and distinct defense, because the Complaint is couched in conclusory and vague terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this case. Accordingly, Defendant hereby reserves the right to assert additional affirmative defenses.

**WHEREFORE**, Defendant hereby requests that the Court:

1. Dismiss the Complaint in its entirety with prejudice and award Plaintiff nothing by his Complaint;

2. Enter judgment against Plaintiff and in favor of Defendant;

3. Award Defendant its costs of defense and reasonable attorneys' fees; and

4. Award Defendant other and further relief as the Court deems appropriate.

DATED this 20th day of October 2014.

s/ Steven G. Biddle
Steven G. Biddle
Cory G. Walker
LITTLER MENDELSON, P.C.
Attorneys for Defendant Rite of Passage, Inc.

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

1  I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and mailed a copy of same to the following if non-registrants, this this 20th day of October 2014.

Joshua W. Carden
Davis Miles McGuire Gardner
80 E. Rio Salado Pkwy, Suite 401
Tempe, Arizona 85282


s/ Eva Pintor

Firmwide:129521121.1 027330.2028

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-9-