**Davis Miles**
**McGuire Gardner**

80 E. Rio Salado Pkwy., Ste. 401
Tempe, AZ  85281
Telephone:  (480) 733-6800
Fax: (480) 733-3748
efile.dockets@davismiles.com

Joshua W. Carden, State Bar No. 021698
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Stephanos Keele, | **CASE NO.  2:14-cv-02135-DLR** |
| Plaintiff, | |
| vs. | **FIRST AMENDED COMPLAINT** |
| Rite of Passage, Inc. | **(FLSA Wage Violation)** |
| Defendant. | (***Jury Trial Requested***) |

By and through the undersigned counsel, Stephanos Keele, hereinafter called Plaintiff, submits the following as his First Amended Complaint against Defendant Rite of Passage Inc.

**NATURE OF THE CASE**

1. Plaintiff brings this action against Defendant for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C § 201 *et seq.* ("FLSA").  Specifically, Plaintiff, serving as a "Group Leader" for Defendant's government-subsidized juvenile group home, seeks payment for uncompensated overtime hours for time

1

worked each week in excess of 40 hours, including the hours of 12 a.m. to 6 a.m. at least one night each week.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331.

3. The unlawful employment practices described herein were committed within the State of Arizona, on Defendant's premises located in Maricopa County, State of Arizona.

4. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. At all times material hereto, Plaintiff is and was a resident of Arizona and an "employee" of Rite of Passage as defined in 29 U.S.C. § 203(e).

6. Upon information and belief, Rite of Passage was and is incorporated in Las Vegas, Nevada with its headquarters at 2560 Business Parkway, Suite A, Minden, NV 89423

7. At all times material hereto, Rite of Passage owned and operated its principal place of business in Arizona at a facility doing business as "Canyon State Academy" located at 20061 E. Rittenhouse Road, Queen Creek, Arizona 85142.

8. Rite of Passage was and is an "enterprise" as defined in 29 USC § 203(s)(1) subject to the requirements of the FLSA.

## FACTUAL BACKGROUND

9. Defendant Rite of Passage originally hired Plaintiff to work as a "Coach Counselor."

10. Rite of Passage hired Plaintiff in approximately April 2011.

2

11. Rite of Passage includes the description of the Coach Counselor position on its website as:

> Coach Counselor - Primary direct-care provider responsible for mentoring at-risk students and assisting them with meeting their program goals. The Coach Counselor is primarily responsible for ensuring the health, safety, welfare and security of each resident in his/her charge. Always maintains line-of-sight supervision and acts as a physical education coach, group counselor, education assistant, and positive age-appropriate role model. Typical schedule of 3.5 days per week. (Schedule may vary based on site location). Requirements: 60 hours of college and/or one year of experience working with juveniles (11-18 years of age); clean background, drug test and TB test.

"Careers" http://www.riteofpassage.com/index-4.html (last visited March 1, 2013).

12. Soon after being hired, Rite of Passage promoted Plaintiff to the position of "Group Leader."

13. Rite of Passage treats Coach Counselors as "nonexempt" – paying its Coach Counselors by the hour and "time and half" for overtime hours.

14. In contrast, Rite of Passage treats Group Leaders as "nonexempt" and pays them a salary without paying them overtime for hours worked in excess of 40 in a given workweek.

15. Rite of Passage paid Plaintiff a salary from the time he was promoted to Coach Counselor in fall 2011 until he resigned in December 2012.

16. Plaintiff routinely worked in excessive of 40 hours in each workweek – in fact, each shift lasted for 48 hours – not counting the overnight stay requirement.

17. Specifically, Plaintiff would be responsible for taking students to medical treatment, searching for students who were absent without leave, and breaking up altercations among the students – issues sometimes lasting most of the night even on nights when Plaintiff was not scheduled to stay overnight.

3

18. Rite of Passage requires that each Coach Counselor scheduled for an overnight stay clock out at 10 p.m. and not clock in again until 6 a.m.

19. Rite of Passage requires that each Coach Counselor scheduled for an overnight stay report back to the premises at least by midnight, though the Coach Counselor remain unpaid for all time spent on the premises from 10 p.m. until 6 a.m.

20. Thought the Group Leaders are not required to punch a time clock, they are likewise expected to be present onsite at least by midnight on nights they stay over.

21. Plaintiff's job description as a Group Leader differed little from that as a Coach Counselor.

22. Other than the ability to issue a "write up" to a Coach Counselor who was breaking the rules, Plaintiff had responsibilities practically identical to those of the Coach Counselors.

23. Plaintiff did not perform managerial or executive duties.

24. Group Leaders, like Plaintiff, were expected to manage their own cabin of children, be with those children throughout the day, stay in the cabin at least one night a week, and participate fully in all activities throughout the day, just like the Coach Counselors did.

25. Group Leaders, like Plaintiff, had no discretion as to when they would arrive for work, what hours they worked, what schedule they followed, what activities they would perform, whether they would stay overnight, or whether they could work fewer hours than their required shift.

26. In fact, the single time Plaintiff called in sick, he was written up by his Rite of Passage supervisor for failing to report to his required shift.

4

27. Furthermore, Group Leaders, like Plaintiff, had no control over when and where the Coach Counselors on their team would be assigned or re-assigned as needed by the Unit Managers.

28. The Unit Managers (another class of employees treated by Rite of Passage as nonexempt) were the true supervisors of all Plaintiff, during his tenure as a Group Leader and previously as a Coach Counselor – including setting schedules, dictating shift and overnight assignments, and hiring and firing.

29. Upon information and belief, the records concerning the nights which Plaintiff worked as a Group Leader are in the possession and custody of Rite of Passage.

30. Rite of Passage does employ one or more "night watchmen" and compensates them for time spent on the premises overnight.

31. However, Rite of Passage did not pay Plaintiff as Group Leader for the hours that he stayed overnight.

32. On most occasions, the hours spent overnight by the Plaintiff occur during weeks where he had already worked in excess of 40 hours.

33. Plaintiff has retained the law firm of Davis Miles McGuire Gardner PLLC, n to represent him in this litigation and has agreed to pay reasonable attorneys fees for services rendered in the prosecution of this action on his behalf.

**COUNT ONE**
**VIOLATION OF FAIR LABOR STANDARDS ACT**

34. Plaintiff hereby incorporates all preceding paragraphs and allegations of this Complaint as if fully set forth herein.

5

35. At all times relevant to this action, the Plaintiff was employed as a Group Leader with Rite of Passage.

36. Despite Rite of Passage's misclassification, Plaintiff, as a Group Leader, was a non-exempt employees under the FLSA.

37. While employed with Defendant Rite of Passage, Plaintiff consistently and regularly was required to work an eight hour overnight shift in addition to working at least forty-eight hours a week for his normal shift.

38. Rite of Passage has intentionally failed to properly classify and pay Plaintiff, as a Group Leader, any overtime wages in direct violation of the FLSA.

39. Based on his job duties, Plaintiff, as a Group Leader, should be classified as nonexempt (like the Coach Counselors) and should be paid at an overtime rate for all hours worked in excess of 40 in any given workweek.

40. As a result of Defendant Rite of Passage's violation of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with § 207 of the FLSA

41. Under 29 U.S.C. § 216, Defendant is liable to Plaintiff for an amount equal to one and one-half times their regularly hourly pay rate for each hour of overtime worked per week.

42. In addition to the amount of unpaid wages owed, Plaintiff is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

43. Rite of Passage has not made a good faith effort to comply with the FLSA.

44. Plaintiff is also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b)

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant as follows:

A. Awarding Plaintiff overtime compensation, in the amount due to Plaintiff for all of the Plaintiff's overtime worked equal to one and one-half times Plaintiffs' proper hourly rate for the past three (3) years or, alternatively, the past two (2) years depending upon the nature of the Defendant's conduct;

B. Awarding Plaintiff liquidated damages in an amount equal to the overtime award for the past three (3) years, or alternatively, for the past two (2) years depending upon the nature of the Defendant's conduct;

C. Awarding Plaintiff's reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

D. Awarding Plaintiff's costs incurred in this action;

E. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts due set forth in subsection (a) and (b) above from the date of the payment due for that pay period until paid in full;

F. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

G. For such other and further relief as the Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the court.

DATED this 12th day of August, 2015.

DAVIS MILES MCGUIRE GARDNER, PLLC

By /s/ Joshua W. Carden
Joshua W. Carden
80 E. Rio Salado Pkwy., St. 401
Tempe, AZ  85281
*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of August, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF Systems for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Steven G. Biddle
Cory Walker
Littler Mendelson, PC
2425 E. Camelback Rd., Ste. 900
Phoenix, AZ 85016
*Attorneys for Defendant*

/s/ Joshua W. Carden