Steven G. Biddle; AZ Bar No. 012636
sbiddle@littler.com
Cory G. Walker; AZ Bar No. 027853
cgwalker@littler.com
LITTLER MENDELSON, P.C.
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:   602.474.3600
Facsimile:    602.957.1801
Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephanos Keele, individually and on behalf of those similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Rite of Passage, Inc.,<br><br>　　　　　Defendant. | Case No. 2:14-cv-02135-PHX-DLR<br><br><br>**DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

Pursuant to the Court's Order Setting Final Pretrial Conference dated March 31, 2016, Defendant Rite of Passage, Inc. ("ROP"), by and through its undersigned counsel, hereby submits its proposed Findings of Fact and Conclusions of Law.

**I.    PROPOSED FINDINGS OF FACT**

　　　　1.    ROP owns, operates, and manages Canyon State Academy ("CSA").  CSA is a large, multi-building campus that includes an administration building, classrooms, athletic facilities, farming areas, dining commons, and residential cottages for the students.  Cottages are staffed with Coach Counselors and Group Leaders.  Coach Counselors are responsible for supervising and mentoring student-residents.  Coach Counselors report directly to a Group Leader who is responsible for the supervision and management of the cottage and the Coach Counselors.

　　　　2.    ROP hired Plaintiff Stephanos Keele on May 16, 2011, as a Coach Counselor. On December 14, 2011, Plaintiff was promoted to the position of Group Leader, a position

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

he held until December 2012.

3.     Plaintiff was compensated as a Group Leader on a salary basis at the rate of $36,000 a year ($692.30 per week).  Plaintiff's salary was not subject to reduction based on the quantity or quality of his work.

4.     As set forth in the Group Leader Job Description, the Group Leader position oversees and cottages to which the Group Leader is assigned, and is responsible for the Coach Counselors generally.

5.     Group Leaders, including Plaintiff, monitor the performance of all Coach Counselors and provide correction where necessary.

6.     Group Leaders, including Plaintiff, were required to interview candidates for the Coach Counselor position and make recommendations as to who would be the best fit for the job and he did, in fact, interview candidates while employed as a Coach Counselor.

7.     Plaintiff testified he was told that, if he determined an employee should be fired, he simply needed to document the reasons for the termination, showing he had authority to issue and document discipline that could affect the termination of an employee he supervised.  He further testified that he was told if he wanted to terminate an employee's employment, he just had to provide a reason for doing so.

8.     Plaintiff also testified that he disciplined one of his Coach Counselors saying that if "he couldn't maintain the safety of the children, that he could not maintain" his job.

9.     Plaintiff was expected to monitor and ensure Coach Counselors were up to date on required training and to ensure that they attended training courses (relatedly, Plaintiff testified that he was trained as a Coach Counselor by his Group Leader at the time).

10.     Plaintiff knew that, as a Group Leader, he was responsible for disciplining Coach Counselors.  He issued Coach Counselors both verbal and written discipline.

11.     As a Group Leader, Plaintiff had responsibility to help monitor labor hours, and when he was a Coach Counselor, he sometimes was told by his Group Leader that his practices needed to change so he could get clocked out on time.  It is incumbent on a Group Leader, like Plaintiff, to see that such problems related to labor hours and attendance are

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-2-

1    rectified.

2        12.    As a Group Leader, Plaintiff was required to discipline Coach Counselors

3    regarding their working unauthorized overtime and to ensure the Coach Counselors were

4    clocking in and out on time.

5        13.    As a Group Leader, Plaintiff assisted with scheduling shifts for the Coach

6    Counselors, including the determination of the Coach Counselor overnight work schedule.

7        14.    Plaintiff maintained the safety of his cottage, including the safety of Coach

8    Counselors, and he considered this to be one of his most important duties.

9        15.    As a Group Leader, Plaintiff also evaluated the performance of his Coach

10   Counselors based on his own observations of job performance and comments he received

11   from others about his Coach Counselors' job performance.

12       16.    As a Group Leader, Plaintiff was required to ensure that his cottage was

13   operating in a manner consistent with all applicable laws, regulations, licensing

14   requirements, and Company policies and procedures.

15       17.    Plaintiff had responsibility for: interviewing and hiring; ensuring his Coach

16   Counselors were properly trained; monitoring the performance of his Coach Counselors;

17   correcting that performance where necessary; and completing required paperwork.

18       18.    Plaintiff was explicitly told that it was his job to address problems with Coach

19   Counselor performance with coaching and discipline and that it was not his boss's job to do

20   these things for him.

21       19.    As a Group Leader, Plaintiff knew he was responsible for supervising and

22   directing the work of any of the 85-90 Coach Counselors at CSA he may encounter during

23   his day .

24       20.    Plaintiff was directly assigned to supervise two Coach Counselors, and

25   although sometimes one of them would be assigned to do work away from Plaintiff's

26   cottage, Plaintiff remained ultimately responsible as that Coach's supervisor, being required

27   to monitor and evaluate the Coach's performance.

28       21.    The Parties stipulated that ROP compensated Plaintiff a fixed annual salary of

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-3-

1  $36,000 ($692.30 per week), which was not subject to reduction based on the quality or

2  quantity of his work.  Thus, Plaintiff was paid on a salary basis in an amount in excess of the

3  minimum salary requirement ($455 per week) for an exempt employee under the FLSA, 29

4  U.S.C. § 213.

5       22.    Based on the evidence, the Court finds that, while Plaintiff was working as a

6  Group Leader:

7       (1)  ROP compensated Plaintiff on a salary basis at a rate of more than

8       $455 per week;

9       (2)  Plaintiff's primary duty was management of the enterprise;

10       (3)  Plaintiff customarily and regularly directed the work of two or more

11       other employees; and

12       (4)  Plaintiff had the authority to hire or fire other employees, or ROP gave

13       particular weight to his suggestions and recommendations as to the hiring,

14       firing, advancement, promotion or any other change of status of other

15       employees.

16       23.    In 2007-2008, the United States Department of Labor, Wage and Hour

17  Division, conducted an investigation as to whether Defendant was properly classifying

18  Group Leaders as exempt employees at CSA under the FLSA.  Through an email from

19  investigator Thomas Hull, the DOL informed Defendant that it was, in fact, properly

20  classifying its Group Leaders at CSA as exempt employees.  Defendant relied upon this

21  determination from the DOL when classifying Plaintiff as a Group Leader, exempt from the

22  overtime requirements of the FLSA.

23  **II.    PROPOSED CONCLUSIONS OF LAW**

24       1.    Plaintiff was properly classified by ROP as an executive employee, as defined

25  by the FLSA, in his position as Group Leader at CSA.  The parties have stipulated that

26  Plaintiff's employment met the salary basis test.  As to the duties test, Plaintiff regularly

27  supervised two or more other employees.  In addition, among other things, Plaintiff was

28  expected to perform managerial duties as a Group Leader at all times and such managerial

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-4-

tasks constituted his primary duty.  If Plaintiff was ever not performing his managerial tasks, he was willfully choosing to violate the clear expectations of his employer, which violation does not undermine application of the executive exemption.  *See, e.g.*, *DiBlasi v. Liberty Mut. Ins. Group Inc.*, Case No. 1:12-cv-10967-RGS, 2014 U.S. Dist. LEXIS 45898 (D. Mass. Apr. 3, 2014).

2.     In addition, Plaintiff's primary duty as a Group Leader involved exempt administrative work directly related to the management or general business operations of CSA.  *See* 29 C.F.R. §§ 541.201, 541.708.   Therefore, Plaintiff also was an exempt administrative employee under the FLSA.  Plaintiff's primary duty included work directly related to management or general business operations including, but is not limited to, work in functional areas such as safety and health; personnel management; legal and regulatory compliance; and similar activities.   Plaintiff also was frequently expected, as a Group Leader, to exercise discretion and independent judgment as to matters of significance.

3.     As a Group Leader, Plaintiff had as his primary duty the performance of tasks set forth in the federal regulations as being exempt in nature under the executive or a combination of the executive and administrative exemptions.  *See* 29 C.F.R. § 541.708.

4.     Plaintiff was properly exempted from the overtime requirements of federal law because, as a Group Leader at CSA, his primary duties were exempt in nature, and he met all of the other requirements set forth in 29 C.F.R. § 541.100(a) for application of the executive, administrative, or a combination exemption.

5.     Because Defendant relied on a written finding from the Department of Labor that Plaintiff's position was exempt from the overtime requirements of the FLSA, under section 10 of the Portal-to-Portal Act, Defendant cannot be subject to liability as to Plaintiff's overtime claims.  29 U.S.C. § 259; *Marshall v. Baptist Hospital, Inc.*, 668 F.2d 234, 238 (6th Cir. 1981).

6.     [If Defendant is deemed to owe Plaintiff any amount of wages for unpaid overtime]  The burden of proof as to willfulness is Plaintiff's to bear.  An employer's violation is only willful if the employer either knew its actions were prohibited by the FLSA

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-5-

or showed reckless disregard for whether its conduct was prohibited by the FLSA. "Reckless disregard" means more than simply an error in judgment, or an "unreasonable" decision to classify a Group Leader as exempt from the overtime rule.  Mere negligence by an employer is not enough to permit a finding of willfulness.  A good faith but incorrect assumption that an employee was properly classified as exempt under the FLSA is not a willful violation. *See, e.g.*, 29 U.S.C. § 255(a); *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133-35 (1988); *Hoffman v. Professional Med Team*, 394 F.3d 414, 419-20 (6th Cir. 2005).  Nothing in this matter establishes that Defendant, in classifying Plaintiff as exempt from the overtime requirements of the FLSA, acted with reckless disregard for whether its conduct violated the FLSA.  Accordingly, Plaintiff has not met his burden in this regard and there can be no finding of willfulness in this matter.

7.      [If Defendant is deemed to owe Plaintiff any amount of wages for unpaid overtime]  Because the DOL told Defendant it was properly classifying CSA Group Leaders as exempt employees, Defendant acted in good faith in classifying Plaintiff, as a Group Leader, as exempt from the FLSA's overtime requirements, thus, liquidated damages are inappropriate in this case.  *See Schneider v. City of Springfield*, 102 F. Supp. 2d 827, 841 n.9 (S.D. Ohio 1999); *Nelson v. Ala. Inst. for Deaf and Blind*, 896 F. Supp. 1108, 1115 (N.D. Ala. 1995).

8.      [If Defendant is deemed to owe Plaintiff any amount of wages for unpaid overtime]  Defendant acted in good faith in classifying Plaintiff as an exempt employee, and did not willfully violate the FLSA in doing so, therefore, the proper statute of limitations is two years and liquidated damages will not be awarded.

9.      [If Defendant is deemed to owe Plaintiff any amount of wages for unpaid overtime]  In calculating damages, because Plaintiff's salary already compensated him for all hours worked, he has already received the 1 of the 1.5 times the regular rate payment directed by federal law for overtime hours .  Accordingly, if Plaintiff is found to be owed any amount for unpaid overtime, his weekly pay must be divided by the number of hours worked to determine his regular rate.  This rate must then be multiplied by 0.5 to determine the

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-6-

additional overtime premium that would be owed (adding the 0.5 to the 1 Plaintiff was already paid through his salary).  The overtime premium must then be multiplied by the number of overtime hours Plaintiff is found to have worked during the relevant period.  *See Overnight Motor Transportation Co. v. Missel*, 316 U.S. 572 (1942), *Valerio v. Putnam Assocs., Inc.*, 173 F.3d 35, 39-40 (1st Cir. 1999); *Desmond v. PNGI Charles Town Gaming, L.L.C.*, 630 F.3d 351, 357 (4th Cir. 2011); *Urnikis-Negro v. Am. Family Prop. Servs.*, 616 F.3d 665, 681 (7th Cir. 2010); *Clements v. Serco, Inc.*, 530 F.3d 1224, 1230-31 (10th Cir. 2008); *Blackmon v. Brookshire Grocery Co.*, 835 F.2d 1135, 1138-39 (5th Cir. 1988); DOL Wage and Hour Opinion Letter FLSA 2009-3, at 2 (Jan. 14, 2009) (citing *Valerio*); DOL Wage and Hour Opinion Letter FLSA-772 (Feb. 26, 1973).

10.     Plaintiff's First Amended Complaint is, therefore, dismissed in its entirety and Judgment is to be entered for Defendant.

DATED this 20th day of June 2016.

s/ *Steven G. Biddle*
Steven G. Biddle
Cory G. Walker
LITTLER MENDELSON, P.C.
Attorneys for Defendant

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and mailed a copy of same to the following if non-registrants, this 20th day of June 2016.

Joshua W. Carden
JOSHUA CARDEN LAW FIRM, P.C.
16427 N. Scottsdale Rd., Suite 410
Scottsdale, AZ 85254
Attorney for Plaintiff

s/ *Tisha Davis*
Firmwide:141008342.1 027330.2028

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600