1   Steven G. Biddle; AZ Bar No. 012636
     sbiddle@littler.com
2   Cory G. Walker; AZ Bar No. 027853
     cgwalker@littler.com
3   LITTLER MENDELSON, P.C.
     2425 East Camelback Road, Suite 900
4   Phoenix, AZ  85016
     Telephone:   602.474.3600
5   Facsimile:    602.957.1801
     Attorneys for Defendant

6

7                 UNITED STATES DISTRICT COURT

8                  FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| 9   Stephanos Keele, individually and on behalf of those similarly situated, | Case No. 2:14-cv-02135-PHX-DLR |
| 10 | |
| 11         Plaintiff, | **DEFENDANT'S TRIAL BRIEF ON** |
| 12   v. | **CONTESTED ISSUES OF LAW** |
| 13   Rite of Passage, Inc., | |
| 14         Defendant. | |

15       Pursuant to the requirements of the Court's Proposed Final Pretrial Form of Order,

16   Defendant Rite of Passage, Inc. ("ROP"), by and through its undersigned counsel, hereby

17   submits its Trial Brief on Contested Issues of Law.

18   **I.**      **CONTESTED ISSUES OF LAW**

19       **Issue #1**:  **Whether, based on the findings of fact as to Plaintiff's duties as a**

20   **Group Leader with CSA, ROP properly classified him as exempt from the overtime**

21   **requirements of the FLSA.  29 U.S.C. § 213.**

22       Plaintiff was properly exempted from the overtime requirements of federal law

23   because, as a Group Leader at CSA, his primary duties were exempt in nature, and he met all

24   of the other requirements set forth in 29 C.F.R. §§ 541.100(a); 541.200(a); and 541.708 for

25   application of the executive, administrative, or a combination exemption.

26       **1.**     **The Executive Exemption**

27       Section 13(a)(1) of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"),

28   provides a complete minimum wage and overtime pay exemption for "any employee

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

employed in a bona fide executive ... capacity." An employee qualifies for the exemption if he or she meets the pertinent tests relating to salary and duties set forth in 29 C.F.R. Part 541. Specifically the requirements for application of the executive exemption are:

1. Plaintiff was compensated on a salary basis at a rate of $455 or greater per week.
2. Plaintiff's primary duty was management.
3. Plaintiff customarily and regularly directed the work of at least two or more other full-time employees or their equivalent.
4. Plaintiff had authority to hire and fire other employees, or that Plaintiff's suggestions and recommendations as to hiring, firing, advancement, or promotion were given particular weight.

29 C.F.R. § 541.100(a). Plaintiff in this matter concedes that he met the salary basis portion of the exemption.

### A.   **Primary Duty**

The term "primary duty" means the "principal, main, major or most important duty that the employee performs." 29 C.F.R. § 541.700(a). In determining an employee's primary duty, the key inquiry is the "character of the employee's job as a whole." *Id*. Although the amount of time spent performing exempt work is a "useful guide," time alone "is not the sole test." 29 C.F.R. § 541.700(b). Nonetheless, employees "who spend more than 50 percent of their time performing exempt work will generally satisfy the primary duty requirement." *Id*. Plaintiff had as his primary duty management of a customarily recognized department or subdivision of the employer. The term "management" is clarified by the relevant regulations, and generally includes, but is not limited to, activities such as the following:

- interviewing, selecting, and training employees;
- setting and adjusting their rates of pay and hours of work;
- directing the work of employees;
- maintaining records for use in supervision or control;
- appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status;
- handling employee complaints and grievances;
- disciplining employees;
- planning the work;

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-2-

- determining the techniques to be used;
- apportioning the work among the employees;
- providing for the safety and security of the employees or the property; and
- monitoring or implementing legal compliance measures.

*See* 29 C.F.R. 541.102.   The United States Department of Labor ("DOL") notes in the Preamble to its 2004 exemption regulations (the version of the regulations in place for the time period relevant to this litigation) that the above list is not intended to be exhaustive and other activities, evaluated on a case-by-case basis, may be considered as managerial.  69 Fed. Reg. 22133 (Aug. 23, 2004).

Additionally, the occasional tasks that cannot practicably be performed by non-exempt employees, but are the means for an exempt employee to properly carry out exempt functions and responsibilities, are considered exempt work.  29 C.F.R. § 541.707.  Further, the concurrent performance of exempt and non-exempt work does not disqualify an employee from the executive exemption if the other requirements of the test are otherwise met.  29 C.F.R. § 541.106.  The main consideration is whether the primary duty remains the employee's managerial responsibility.

### B.   Two or More Employees

The phrase "two or more employees" is defined to mean two full-time employees or their equivalent.  One full-time and two half-time employees, for example, are equivalent to two full-time employees.  Four half-time employees are also equivalent to two employees.  29 C.F.R. § 541.104(a).   Supervision can be distributed among two, three or more employees, but each employee must customarily and regularly direct the work of at least two or more other full-time employees or their equivalent.  29 C.F.R. § 541.104(b).

### C.   Authority to Hire and Fire

An exempt executive employee must either have the authority to hire or fire other employees or his or her suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees must be given particular weight.  29 C.F.R. § 541.100(a)(4).  In determining if an employee's suggestions

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-3-

and recommendations are given "particular weight," factors considered include, but are not limited to, the following:

- whether it is part of the employee's job duties to make such suggestions and recommendations;
- the frequency with which such suggestions and recommendations are made or requested; and
- the frequency with which the employee's suggestions and recommendations are relied upon.

29 C.F.R. § 541.105.

An employee's suggestions and recommendations may still be deemed to have "particular weight" even if a higher level manager's recommendation has more importance and even if the employee does not have authority to make the ultimate decision as to the employee's change in status. *Id*.

**2.    The Administrative Exemption**

Section 13(a)(1) of the FLSA provides a complete minimum wage and overtime pay exemption for "any employee employed in a bona fide administrative ... capacity." The requirements for the administrative exemption are set forth in 29 C.F.R. § 541.200 et. seq. In addition to the salary basis requirement, which, in this case, Plaintiff has conceded he met, to qualify as an exempt administrative employee, Plaintiff must:

- Have had a primary duty of performing office or non-manual work directly related to the management or general business operations of the employer; and
- Have had a primary duty that includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200(a).

**A.    Primary Duty**

The first part of the duties test for the administrative exemption is having a primary duty of performing office or non-manual work directly related to the management or general business operations of the employer. The phrase "directly related to the management or general business operations" refers to the type of work performed by the employee. To meet this requirement, an employee must perform work directly related to assisting with the

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-4-

running or servicing of the business at issue (as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment).  *See* 29 C.F.R. § 541.201(a).  Work that is directly related to management or general business operations includes, but is not limited to, work in functional areas such as:

- human resources
- employee benefits
- labor relations
- public relations
- research
- safety and health
- legal and regulatory compliance
- quality control
- personnel management

*See* 29 C.F.R. § 541.201(b).  This not an exclusive list of functional areas that may be directly related to management or general business operations.  Rather, Section 541.201(b) "provides non-exclusive examples."  69 Fed. Reg. 22140 (April 23, 2004).

### B. Discretion and Independent Judgment

The primary duty of an exempt administrative employee must also "include the exercise of discretion and independent judgment with respect to matters of significance." See 29 C.F.R. § 541.200(a)(3).  The use of the term "include" is important.  Under the old regulations (pre-2004), some courts applied a standard that an exempt administrative employee must "customarily and regularly" exercise discretion and independent judgment. However, the revised Part 541 regulations use the term "includes," and the Preamble clarifies that the administrative exemption does not require the exercise of discretion and independent judgment "customarily and regularly."

The meaning of the more lenient "includes" standard is not further clarified in the Final Rule or its Preamble, however, it is clear that the amount of time an exempt administrative employee must spend in work requiring the exercise of discretion and independent judgment is something less than "customarily and regularly."  Thus, the definition of "customarily and regularly" in the regulations ("a frequency that must be

greater than occasional but which, of course, may be less than constant," 29 C.F.R. § 541.701) represents a ceiling for the discretion and independent judgment requirement. DOL has issued an opinion letter clarifying that a task performed as little as "one or two hours a day, one or two times a week" is performed "customarily and regularly." *See* DOL Opinion Letter 2007-2 (January 25, 2007). Accordingly, an employee who exercises discretion and independent judgment "one or two hours a day, one or two times a week" meets the "includes" standard for the administrative exemption.

Exercising discretion and independent judgment involves "the comparison and the evaluation of possible courses of conduct, and acting or making a decision after various possibilities are considered." 29 C.F.R. § 541.202(a). In addition, the exercise of discretion and independent judgment may result in "recommendations for action rather than the actual taking of action." 29 C.F.R. § 541.202(c). To meet this standard, the employee must have "authority to make an independent choice free from immediate direction or supervision." *Id*. However, "employees can exercise discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level." *Id*. "The fact that an employee's decision may be subject to review and that upon occasion the decisions are revised or reversed after review does not mean that the employee is not exercising discretion and independent judgment." *Id*.

The regulations also require that the exempt administrative employee exercise his/her discretion with respect to "matters of significance" to the employer. This term "refers to the level of importance or consequence of the work performed." 29 C.F.R. § 541.202(a). Although not further defined in the regulations, the Preamble to the Final Rule states that "the work performed by an exempt administrative employee must be significant, substantial, important, or of consequence." 69 Fed. Reg. 22143 (April 23, 2004) (citing *Piscione v. Ernst & Young, LLP*, 171 F.3d 527, 535-43 (7th Cir. 1999)).

The Final Rule Preamble also notes that federal courts generally find employees who meet at least two or three of these factors exercise discretion and independent judgment. *See* 69 Fed. Reg. 22143 (April 23, 2004). The Preamble further notes that federal courts have

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-6-

found the following factors relevant in assessing whether an employee meets this requirement:

- freedom from direct supervision;
- personnel responsibilities;
- troubleshooting or problem-solving activities on behalf of management;
- use of personalized communication techniques;
- authority to handle atypical or unusual situations;
- responsibility for assessing the needs of those to whom the employer's product or service is/are provided;
- primary contact to public or customers on behalf of the employer; and
- coordination of departments, requirements or other activities for on behalf of the employer.

*Id*. at 22144.

### 3.   The "Combination" Exemption

The relevant regulation states:

Employees who perform a combination of exempt duties as set forth in the regulations in this part for **executive**, **administrative**, professional, outside sales and computer employees may qualify for exemption. **Thus, for example, an employee whose primary duty involves a combination of exempt administrative work and exempt executive work may qualify for exemption**. In other words, work that is exempt under one section of this part will not defeat the exemption under any other section.

29 C.F.R. § 541.708 (emphasis added).

Thus, what is sometimes referred to as the "combination exemption" provides a mechanism for "cobbling together different exempt duties for purposes of meeting the primary-duty test." *See Intracomm, Inc. v. Bajaj*, 492 F.3d 285, 294 (4th Cir. 2007); *Schmidt v. Eagle Waste & Recycling, Inc.*, 598 F. Supp. 2d 928, 937 (W.D. Wis. 2009), aff'd, 599 F.3d 626 (7th Cir. 2010).   Generally stated, the combination exemption addresses the situation that exists when an employee does not meet the primary-duty requirement of any individual exemption.  *See Intracomm,* 492 F.3d at 294.  As the court stated in *Intracomm*, an employee performing duties falling under more than one exemption, none of which separately represents his or her primary duty, may be exempt under the combination exemption if those duties, when combined, constitute his or her primary duty.  *Id.*

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-7-

**Issue #2**:   **If Plaintiff is found to have been improperly exempted from the overtime requirements of the FLSA, and if Plaintiff worked overtime for which he was not properly compensated, whether Defendant acted willfully in so violating the FLSA.**

The burden of proof as to willfulness is Plaintiff's to bear, a burden he cannot meet because an employer's violation is only willful if the employer either knew its actions were prohibited by the FLSA or showed reckless disregard for whether its conduct was prohibited by the FLSA.   "Reckless disregard" means more than simply an error in judgment, or an "unreasonable" decision to classify a Group Leader as exempt from the overtime rule.   Mere negligence by an employer is not enough to permit a finding of willfulness.   A good faith but incorrect assumption that an employee was properly classified as exempt under the FLSA is not a willful violation.   *See* 29 U.S.C. § 255(a); *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133-35 (1988); *Hoffman v. Professional Med Team*, 394 F.3d 414, 419-20 (6th Cir. 2005) (citing *Alvarez v. IBP, Inc.*, 339 F.3d 894, 909 (9th Cir. 2003)).   Willfulness most frequently arises in situations in which the employer deliberately chose to avoid researching the relevant laws or took affirmative action to evade them.   Plaintiff cannot meet this burden in this matter. *Id.*

**Issue #3**:   **Whether or not liquidated damages should be assessed if the Court determines Defendant misclassified Plaintiff as exempt.**

Section 11 of the Portal-to-Portal Act allows a court to deny the award of liquidated damages:

> [i]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that it had reasonable grounds for believing that his act or omission was not a violation of the [FLSA], the court may, in its sound discretion, award no liquidated damages or award any [lesser] amount thereof.

29 U.S.C. § 260.

The Section 11 good faith defense is available if the employer proves it "acted in subjective good faith" and "had objectively reasonable grounds for believing that the acts and omissions giving rise to the failure [to pay overtime] did not violate the FLSA."

LITTLER MENDELSON, P.C
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-8-

1   *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999) (internal quotation marks

2   omitted).  "'Good faith' in this context requires more than ignorance of the prevailing law or

3   uncertainty about its development." *Reich v. So. N. England Telecomm. Corp.*, 121 F.3d 58,

4   71 (2d Cir. 1997).  Rather, "[i]t requires that an employer first take active steps to ascertain

5   the dictates of the FLSA and then move to comply with them." *Id.*

6        The section 11 defense to liquidated damages is available when an employer can

7   prove it reasonably believed (even if ultimately incorrectly) that it was complying with

8   written guidance or approval from the DOL.  *See Schneider v. City of Springfield*, 102 F.

9   Supp. 2d 827, 841 n. 9 (S.D. Ohio 1999) (although written guidance did not address the

10  employer's particular circumstances and, thus, could not be relied upon for a Section 10

11  defense, the employer did not, as a matter of law, "act[] unreasonably or in bad faith by

12  inferring from them that it properly compensated its [employees]"); *Nelson v. Ala. Inst. for*

13  *Deaf and Blind*, 896 F. Supp. 1108, 1115 (N.D. Ala. 1995).

14       **Issue #4**:  **If Plaintiff is deemed to be owed any amount of wages for alleged**

15  **unpaid overtime, what is the proper method for calculating damages?**

16       Because Plaintiff's salary already compensated him for all hours worked, he has

17  already received the 1 of the 1.5 times the regular rate payment directed by federal law for

18  overtime hours.  Accordingly, if Plaintiff is found to be owed any amount for unpaid

19  overtime, his weekly pay must be divided by the number of hours worked to determine his

20  regular rate.  This rate must then be multiplied by 0.5 to determine the additional overtime

21  premium that would be owed (adding the 0.5 to the 1 Plaintiff was already paid through his

22  salary).  The overtime premium must then be multiplied by the number of overtime hours

23  Plaintiff is found to have worked during the relevant period.

24       For example, in *Seymour v. PPG Industries*, the district court recognized that the U.S.

25  Supreme Court's decision in *Overnight Motor Transportation Co. v. Missel*, 316 U.S. 572

26  (1942), strongly suggests that courts should presume that an employee's salary is

27  compensation for all hours worked.  891 F. Supp. 2d 721, 737 n.7 (W.D. Pa. 2012).  The

28  *Seymour* decision reflects that Plaintiff in this case should only be entitled to a 0.5 multiplier

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

for the hours he worked in excess of 40 in a work week because the evidence reflects that Plaintiff, as a Group Leader, were paid a fixed weekly sum for any and all hours worked. While the Ninth Circuit has not addressed this issue, the DOL and every federal Circuit to consider this issue have also held that it is appropriate to calculate damages using the "half-time" method in misclassification cases. *See Overnight Motor Transportation Co. v. Missel*, 316 U.S. 572 (1942); *Desmond v. PNGI Charles Town Gaming, L.L.C.*, 630 F.3d 351, 357 (4th Cir. 2011); *Urnikis-Negro v. Am. Family Prop. Servs.*, 616 F.3d 665, 681 (7th Cir. 2010); *Clements v. Serco, Inc.*, 530 F.3d 1224, 1230-31 (10th Cir. 2008); *Valerio v. Putnam Assocs., Inc.*, 173 F.3d 35, 39-40 (1st Cir. 1999); *Blackmon v. Brookshire Grocery Co.*, 835 F.2d 1135, 1138-39 (5th Cir. 1988); DOL Wage and Hour Opinion Letter FLSA 2009-3, at 2 (Jan. 14, 2009) (citing *Valerio*); DOL Wage and Hour Opinion Letter FLSA-772 (Feb. 26, 1973).

**Issue #5**:  **Whether, pursuant to Section 10 of the Portal-to-Portal Act, Defendant acted in good faith conformity with and reliance on written DOL guidance regarding Plaintiff's overtime exempt classification as a Group Leader at CSA such that it cannot be subject to any liability or punishment for or on account of any alleged failure to pay overtime compensation under the FLSA.  29 U.S.C. § 259.**

Section 10 of the Portal-to-Portal Act provides a complete bar to FLSA liability if an employer proves that it acted in good faith in conformity with and reliance on written DOL guidance:

> "[N]o employer shall be subject to any liability or punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation" under the FLSA if the employer "pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on **any** written administrative regulation, order, ruling, **approval**, or interpretation, of the [Administrator of the Wage and Hour Division of the DOL], or any administrative practice or enforcement policy of [the Administrator]."

29 U.S.C. § 259 (emphasis added).  As one court phrased the relevant principle here, "courts should be hesitant to impose retroactive minimum wage liability on employers in the face of

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-10-

an administrative interpretation which the employer could plausibly interpret as insulating him from liability." *Marshall v. Baptist Hospital, Inc.*, 668 F.2d 234, 238 (6th Cir. 1981). Accordingly, where, as here, Defendant relied on a written finding from the Department of Labor, Wage and Hour Division, that Plaintiff's position was exempt from the overtime requirements of the FLSA, it cannot be subject to liability for Plaintiff's overtime claim.

        DATED this 20th day of June 2016.

                                    *s/ Steven G. Biddle*
                                    Steven G. Biddle
                                    Cory G. Walker
                                    LITTLER MENDELSON, P.C.
                                    Attorneys for Defendant

\I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and mailed a copy of same to the following if non-registrants, this 20th day of June 2016.

Joshua W. Carden
JOSHUA CARDEN LAW FIRM, P.C.
16427 N. Scottsdale Rd., Suite 410
Scottsdale, AZ 85254
Attorney for Plaintiff

*s/ Tisha Davis*
Firmwide:141099032.1 027330.2028

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600